CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 2 1 2019

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **GARY WAYNE TILLEY, JR.,** | ) | **Civil Action No. 7:18-cv-00073** |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | **By: Hon. Jackson L. Kiser** |
| **PATRICK CTY. JAIL, et al.,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

Gary Wayne Tilley, Jr., a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 against three defendants: Patrick County Jail, Patrick County Sheriff's Office, and Sherriff Dan Smith.

## I. Background

Plaintiff alleges that the defendants (1) administered the wrong medication and left him unattended for three hours on May 19, 2017; and (2) he was not afforded a proper kosher diet. Defendants filed a 12(b)(6) motion to dismiss, Plaintiff responded, and Defendants replied to the response, making this matter ripe for disposition. After reviewing the record, I will grant Defendants' motion to dismiss.

## II. Standards of Review

### A. 12(b)(6) Motion to Dismiss

Defendants argue that the complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

A complaint need only contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept as true all well-pleaded allegations. See Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013); see also Erickson v.

Pardus, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Stated differently, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### B. Pro Se Pleadings

The plaintiff is proceeding pro se and, thus, entitled to a liberal construction of the pleading. See, e.g., Erickson, 551 U.S. at 90-95. However, "principles requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The Fourth Circuit has explained that "though pro se litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those

trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." Id. at 1276; see Kalderon v. Finkelstein, No. 08 Civ 9440, 2010 WL 3359473, at *1 n.1 (S.D.N.Y. Aug. 24, 2010) ("Plaintiff's complaint belongs to the everything-but-the-kitchen sink school of thought." "The complaint is extremely difficult to follow because of its extreme length and purported factual detail. The factual allegations are often repetitive, inconsistent, and contradicted by documents referenced in the complaint.").

### C. 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a deprivation of a federal right. See Fisher v. Wash. Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Negligent deprivations are not actionable under § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327, 330 (1986); Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995). Defendants argue that the complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. Discussion

### A. Patrick County Jail and Patrick County Sheriff's Office

At the threshold, neither the Patrick County Jail nor the Patrick County Sheriff's Office are entities that may be sued under § 1983. See, e.g., McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D. Va. 1992) (asserting that prisons and jails are "are arms of the state for Eleventh Amendment purposes and thus not 'persons' under § 1983"); see also Rutledge v. Town of

Chatham, No. 4:10CV000054, 2010 WL 4569913, at *1 (W.D. Va. Nov. 5, 2010) ("[I]t is impossible to sue a local police department [under § 1983] in Virginia because, as a matter of law, there is no entity that can be sued."). Therefore, I will grant the motion to dismiss as to all claims against these defendants.

### B. Sheriff Dan Smith

For his claim against Sheriff Dan Smith, Tilley asserts that Smith never responded to a grievance. However, Tilley had no constitutional entitlement to the grievance process and cannot bring a § 1983 claim alleging the denial of the availability of the grievance process. See Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (holding "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"). Therefore, I will grant the motion to dismiss as to Smith.[1]

### C. Tilley's Response

In Tilley's response to the motion to dismiss, ECF No. 18, he attempted to file three motions. First, he moved to strike Defendants' motion to dismiss. However, I will deny the motion because he did not assert any valid grounds. Second, Tilley moved for leave to file an amended complaint without filing a proposed amended complaint. Litigants, even those proceeding pro se, must submit a proposed amended complaint to avoid automatic denial of their motion. Marcantonio v. Dudzinski, 155 F. Supp.3d 619, 637 (W.D. Va. 2015) ("The Court will not speculate whether a hypothetical amended complaint would be futile, or whether the good cause standard is met."). Therefore, I will deny the motion. Third, Tilley appears to request an attorney. As the action will be dismissed for failure to state a claim, the motion is moot.

---

[1] To any extent Tilley argues that Smith failed to properly supervise his subordinates, the claim must fail because respondeat superior is not actionable via § 1983. See, e.g., Iqbal, 556 U.S. at 676.

## IV.

For the foregoing reasons, I will grant Defendants' motion to dismiss and deny Tilley's pending motions.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

**ENTERED** this 21st day of February, 2019.

SENIOR UNITED STATES DISTRICT JUDGE